Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendant
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

OAKLAND DIVISION

| | |
|---|---|
| Rosa Lopez, as Legal Guardian of V-S-, a Minor and Successor in Interest to the Estate of Victor Sanchez Brito,<br><br>  Plaintiffs,<br><br>  v.<br><br>United States of America; GEO Group, Inc., a corporation,<br><br>  Defendants. | Case No. 4:23-cv-04292-DMR<br><br>**DEFENDANT GEO'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*(Proposed Order filed concurrently herewith)*<br><br>Date:  December 14, 2023<br>Time:  1:00 p.m.<br>Ctrm.:  4  [HELD VIA ZOOM]<br><br>Judge:  Hon. Donna M. Ryu |

TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on December 14, 2023, at 1:00 p.m. or as soon thereafter as they may be heard before the Honorable Donna M. Ryu, United States Magistrate Judge, in Courtroom 4, of the Northern District of California, located at 1301 Clay Street, Oakland, California, Defendant The GEO Group, Inc. will and hereby does move this Court to transfer venue.

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4854-7954-3432 v1

1

4:23-cv-04292-DMR
DEFT GEO MOTION TO TRANSFER

This motion is made pursuant to 28 U.S.C. § 1404(a), on the ground that a transfer of this case would promote the interest of justice and judicial economy. The motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the declaration of Susan E. Coleman, the pleadings and papers on file in this action, and such other matters as may be presented to the Court at the time of hearing.

Dated: October 20, 2023          BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Susan E. Coleman
      Susan E. Coleman

Attorneys for Defendant
THE GEO GROUP, INC.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4854-7954-3432 v1

2

4:23-cv-04292-DMR
DEFT GEO MOTION TO TRANSFER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Rosa Lopez[1], the mother of decedent Victor Manuel Sanchez Brito, asserts various claims for damages against the United States of America ("USA") under the Federal Tort Claims Act and against The GEO Group, Inc. ("GEO") under the Rehabilitation Act and California state laws. (Doc. 1.) Plaintiff's counsel has selected the Central District of California as the forum to litigate this case. However, the 28 U.S.C. § 1404 factors weigh in favor of the Eastern District.

Plaintiff is currently a resident of the Northern District of California, as she lives in the County of San Marin. (Doc. #1, ¶ 11.) Previously, she and decedent lived in Riverside County (Temecula) until an unspecified date. (*Id*., ¶¶ 37, 44.)

Defendants are the USA and GEO. (*Id*., ¶¶ 14-15.) The location of decedent's last three (3) years of detention, where he claims his rights were violated, was the Mesa Verde ICE Processing Center in Kern County, in the Eastern District of California (Fresno division). (*Id*., ¶¶ .) The GEO, Wellpath[2], and ICE staff at Mesa Verde all live and work in the Eastern District of California. Prior to Mesa Verde, decedent was detained by ICE in the Yuba County Jail, also in the Eastern District of California (Sacramento division). Thus, apart from 1-2 damages witness (Plaintiff Rosa Lopez and potentially minor V-S), *all other* known witnesses work and reside in the Eastern District.

For these reasons, GEO respectfully requests that this Court transfer this action to the Eastern District of California.

---

[1] The actual named Plaintiffs are somewhat unclear from the Complaint. Rosa Lopez is the mother of decedent, and appears to list herself as a Plaintiff (*see* Compl. [Doc. 1] ¶ 2) rather than a Guardian Ad Litem of decedent's minor child – V.S. (*See id*., caption and ¶ 13.)

[2] Although not named as a defendant herein, Wellpath LLC was contracted to provide the medical/psychiatric care to detainees at Mesa Verde.

## II. TRANSFER IS APPROPRIATE UNDER SECTION 1401(a)

### A. Summary of Relevant Facts

Plaintiff Rosa Lopez is the mother of decedent Victor Sanchez Manuel Brito, and the Guardian of decedent's minor son V-S. (Doc. 1, ¶¶ 2-3.) Plaintiff asserts various claims for damages against the United States of America ("USA") under the Federal Tort Claims Act and against The GEO Group, Inc. ("GEO") under the Rehabilitation Act and California state laws. (*See generally*, Doc. 1.)

Shortly after decedent Brito's arrest by ICE in 2015, he was housed in the Yuba County jail. (Doc. 1, ¶ 61.) Brito remained in Yuba County Jail until July 2018, when he was transferred to Mesa Verde in Kern County. (*Id*., ¶ 84.) Plaintiff contends that Brito was mistreated, endured deplorable conditions, and that his mental health deteriorated during his time in custody. (*See generally*, Doc. 1.) Months after his release, Brito overdosed on drugs[3], which Plaintiff contends was a suicide rather than accidental. (*Id.,* ¶ 9.)

### B. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted). It places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp*., 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

Courts considering transfer must engage in a two-step analysis. First, courts

---

[3] It is not clear whether Plaintiff claims a wrongful death in the negligence claim, *i.e*. that Brito's death was caused by his time in custody. (*See* Doc. 1, ¶¶ 170-172.)

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4854-7954-3432 v1

4

4:23-cv-04292-DMR
DEFT GEO MOTION TO TRANSFER

determine whether the action could have been brought in the target district. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Second, courts undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc.*, 487 U.S. 29 (1988) (quoting *Van Dussen*, 376 U.S. at 622). Factors the Court should consider in analyzing the interests of justice include: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (setting forth similar factors, and also considering "the location where the relevant agreements were negotiated," the parties "contacts with the forum," and "the availability of compulsory process to compel attendance of unwilling non-party witnesses").

### C. Venue is Proper in the Target District

This Court may transfer a case to any district where the case may have been originally brought at the time of filing or to any district in which all parties have consented. 28 U.S.C. § 1404(a); *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). Here, the events giving rise to Plaintiff's claims occurred in the Eastern District of California because shortly after decedent Brito's arrest by ICE in 2015, he was housed in the Yuba County jail. (Doc. 1, ¶ 61.) Brito remained in Yuba County Jail until July 2018, when he was transferred to Mesa Verde in Kern County. (*Id*., ¶ 84.) Plaintiff contends that Brito was mistreated, endured deplorable conditions, and that his mental health deteriorated during his time in custody. (*See* generally, Doc. 1.) All of Plaintiff's complaints about Brito's treatment involve actions or inactions in the Eastern District. Thus, because this case could have been brought in the Eastern District, under the original complaint, venue in the target district of the Eastern District of California is proper under 28 U.S.C. § 1404(a).

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4854-7954-3432 v1

5

4:23-cv-04292-DMR
DEFT GEO MOTION TO TRANSFER

### D. Transfer is in the Interest of Justice

Transfer to the Eastern District would promote the interests of justice and would be convenient for the parties and witnesses, and therefore this matter should be transferred to that district pursuant to 28 U.S.C. § 1404(a).

### E. Plaintiff's Choice of Forum Should be Disregarded.

Although a plaintiff's choice of forum is generally entitled to some deference, "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Fabus Crop. v. Asiana Exp. Corp.*, 2001 WL 253185 at *1 (N.D. Cal. 2001). Although Plaintiff now resides in the Northern District (*Doc. 1, ¶ 11*), the factual basis for her claims occurred in the Eastern District (*see id.* ¶¶ 32, 34). The focus of Plaintiff's complaint is decedent Brito's alleged mistreatment while in ICE custody in Yuba and Kern Counties. While Plaintiff alleges that "a substantial part of the conduct, events, acts, and omissions giving rise to the claims occurred in the ICE San Francisco Field Office, in the immigration court in San Francisco, . . . and in Marin and Contra Costa Counties," (Doc, 1, ¶ 11) this claim is belied by the factual and legal allegations in the complaint. (*See generally*, Doc. 1.) While Brito's immigration status was decided in the Northern District, it is not challenged in this lawsuit; instead, the conduct at issue occurred during Brito's time in ICE custody, in the Eastern District.

### F. The Material Events Underlying Plaintiff's Causes of Action Occurred in the Eastern District of California.

District courts generally grant motions to transfer venue where the alleged events underlying the cause of action have little connection with the chosen forum. *See, e.g., Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) (citing examples); *United States ex. Rel. Adrian v. Regents of the Univ. of Cal.*, No. C-99-3864 THE, 2002 U.S. Dist. LEXIS 3321 at *11 (N.D. Cal. Feb. 25, 2002) ("Plaintiff alleges no facts indicating that the events that form the basis of his claim against

Burke, Williams & Sorensen, LLP  
Attorneys at Law  
Los Angeles

4854-7954-3432 v1

6

4:23-cv-04292-DMR  
DEFT GEO MOTION TO TRANSFER

Defendants took place in California.")  The key inquiry is whether the allegations have a "*material* connection with [the] district." *Saleh, supra,* 361 F. Supp. 2d at 1158 (emphasis in the original).  *Hoefer v. United States Dep't of Commerce*, No. C-00-0918 VRW, 2000 U.S. Dist. LEXIS 9299 at*9 (N.D. Cal. June 28, 2000) ("Litigation should proceed where the case finds its 'center of gravity.'" (citation omitted)).

The operative Complaint in this action contains *very few* factual allegations describing material events having taken place in the Northern District of California, other than background information concerning Plaintiff's arrest and his immigration proceedings, which are not legally at issue here. The factual basis for her claims occurred in the Eastern District (*Doc. 1,* ¶¶ 32, 34). The focus of Plaintiff's complaint is decedent Brito's alleged mistreatment while in ICE custody in Yuba and Kern Counties. (*See generally*, Doc. 1.) Thus, the "center of gravity" of this lawsuit, including the events giving rise to this lawsuit, is clearly not the Northern District of California, but rather the Eastern District of California.  *See Kaloghlian v. Best Buy Stores, L.P.,* 2008 U.S. Dist. LEXIS 111475, *10 (N.D. Cal. Nov. 8, 2008) (transferring case to the Central District of California after finding "[i]f Plaintiff has alleged any contacts with the Northern District, the Court is unable to find them").

### G.     Pertinent Witnesses Reside in the Eastern District of California.

When deciding a motion to transfer, courts consider "the relative convenience to all the parties involved in the lawsuit of the competing forum" (*Flexible Funding, LLC v. Iron Mountain Info. Mgmt.*, No. 05-2082 JSW, 2005 U.S. Dist. LEXIS 42103, at *9 (N.D. Cal. 2005)), as well as "how transfer could affect both sides' ability to bring forth evidence and witnesses" (*Animal Legal Def. Fund v. U.S. Dep't of Agric.*, No. 12-4407 SC, 2013 U.S. Dist. LEXIS 2935, at *13 (N.D. Cal. 2013)). "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh*, 361 F. Supp. 2d at 1160 (quotation omitted).

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4854-7954-3432 v1

7

4:23-cv-04292-DMR
DEFT GEO MOTION TO TRANSFER

Here, Plaintiff's allegations arise from conduct occurring in the City of Bakersfield (Mesa Verde), within the Eastern District. (*See generally*, Doc. 1.) Thus, the material fact witnesses will be employees of GEO, Wellpath, and ICE, who will presumably be located in the Eastern District where they work. Other than the Plaintiff and minor V-S, who as decedent Brito's mother and son respectively are damages witnesses with no percipient knowledge of the facts alleged, there are no identifiable witnesses located in the Northern District and the Eastern District is therefore convenient to all parties and all percipient and other witnesses.

### H. The Alleged Sources of Proof Are Located in the Eastern District

On a motion to transfer, "[t]he issue is the 'ease of access' to the sources of proof, not whether the evidence would be unavailable absent the transfer." *Saleh, supra,* 361 F. Supp. 2d at1166. As stated above, the material events underlying Plaintiff's Complaint took place in the Eastern District. (*See generally*, Doc. 1.) The most relevant witnesses, documents and materials therefore are likely to be located in the Eastern District, and this factor weights in favor of transfer. *See Kaloghlian, supra*, 2008 U.S. Dist. LEXIS 111475, *9 (finding that "[d]ocuments pertaining to defendants' business practices are most likely to be found at their personal place of business" (citations omitted) and granting motion to transfer to the Central District of California).

### I. Other Factors Weigh in Favor of Transfer.

The remaining factors to be considered weigh in favor of transfer to the Eastern District.  First, because both forums are familiar with the applicable law, this factor is neutral. The feasibility of consolidation with other claims is also neutral because this case is unlikely to be consolidated with another matter. While the Eastern District's local interest in the controversy may not be substantially stronger than the Central District's, it nevertheless remains stronger because the events at issue took place there and nearly all witnesses reside in that venue.  In sum, many of the factors identified in *Williams*, 157 F. Supp. 2d 1106, favor transfer

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4854-7954-3432 v1

8

4:23-cv-04292-DMR
DEFT GEO MOTION TO TRANSFER

to the Eastern District (apart from congestion of the District) and two factors are neutral between the forums.

### III.     CONCLUSION

For the foregoing reasons, GEO respectfully requests that this matter be transferred to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

Dated:  October 20, 2023                    BURKE, WILLIAMS & SORENSEN, LLP


By:  /s/ Susan E. Coleman
      Susan E. Coleman

Attorneys for Defendant
THE GEO GROUP, INC.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4854-7954-3432 v1

9

4:23-cv-04292-DMR
DEFT GEO MOTION TO TRANSFER