ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MICHELLE LO (NYBN 4325163)
Chief, Civil Division

SHIWON CHOE (CABN 320041)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    shiwon.choe@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROSA LOPEZ, as Legal Guardian of V-S-, a Minor and Successor in Interest to the Estate of Victor Sanchez Brito,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA and GEO GROUP, INC.,<br><br>    Defendants. | Case No. 4:23-cv-04292-DMR<br><br>**DEFENDANT UNITED STATES OF AMERICA'S OBJECTION TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 32)** |

1         Defendant United States of America respectfully submits the following objection to Plaintiff's Notice of Supplemental Authority (ECF No. 32).  Petitioner's filing is improper and violates the Local Rules, which provide that once a reply is filed, the parties may not submit further argument without prior Court approval.  Civ. L.R. 7-3(d).

         Local Rule 7-3(d)(2) provides an exception to Local Rule 7-3(d)'s prohibition on post-reply argument.  This exception, however, is limited.  Specifically, Local Rule 7-3(d)(2) provides that "Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published *after* the date the opposition or reply was filed by filing and serving a Statement of Recent Decision.  Such Statement shall contain a citation to and provide a copy of the new opinion *without argument*."  Civ. L.R. 7-3(d)(2) (emphasis added).  Plaintiff's Notice violates both of these requirements: it both (1) cites a case published before the date Plaintiff's Opposition was filed and (2) includes argument regarding that case.  This is improper, and the Court should strike and disregard Petitioner's Notice in its entirety.  *See, e.g.*, *Keller v. Experian Info. Sols., Inc.*, No. 16-CV-04643-LHK, 2017 WL 130285, at *2 n.2 (N.D. Cal. Jan. 13, 2017) (striking plaintiff's post-reply notice of cases published before the date plaintiff's opposition was filed); *Becerra v. Dr Pepper/Seven Up, Inc.*, No. 17-cv-05921-WHO, 2018 WL 1569697, at *4 n.3 (N.D. Cal. Mar. 30, 2018) (holding that a party's summarizing favorable portions of cases "clearly violates" Local Rule 7 3(d)(2) and striking such summaries and arguments); *Innovative Sports Mgmt., Inc. v. Robles*, No. 13-CV-00660-LHK, 2014 WL 129308, at *1 n.2 (N.D. Cal. Jan. 14, 2014) (striking paragraphs in statement of recent decision that "contain improper argument").

         Should the Court decline to strike and disregard Plaintiff's Notice, basic fairness principles dictate that the United States be afforded an opportunity to respond.  *See, e.g.*, *In re Uber Text Messaging*, No. 18-cv-02931-HSG, 2019 WL 666725, at *1 (N.D. Cal. Feb. 13, 2019) (citing *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018)).  Plaintiff claims that *Thiersaint v. DHS*, 85 F.4th 653 (1st Cir. 2023), supports his arguments regarding the applicability of the Discretionary Function Exception ("DFE") in light of the ICE Directives he cites in his Complaint (Directives 16001.1, 16001.2, and 11065.1)—but *Thiersaint* makes no mention of these Directives at all.  *Thiersaint* cites a separate set of standards (the ICE Performance-Based National Detention Standards ("PBNDS")), and the Ninth Circuit has expressly rejected the premise that the question of whether a

directive in one case is discretionary is controlled by a decision regarding a different directive in a different case. *Lam v. United States*, 979 F.3d 665, 678 (9th Cir. 2020).[1] Contrary to Plaintiff's argument, *Thiersaint* does not hold that the use of the word "shall" in a directive necessarily means that the directive is not discretionary, and even if it had, this would run directly contrary to binding Ninth Circuit precedent, which holds that "[t]he use of a few mandatory words like 'shall' does not create a mandatory policy if the policy otherwise allows for discretion." *Id.* at 677 (citing *Gonzalez v. United States*, 814 F.3d 1022, 1029–30, 1032 (9th Cir. 2016)). Plaintiff claims that ICE Directives requires ICE to release individuals unless there is "no probative evidence" of U.S. citizenship, but the Directives do not set forth mandatory criteria for what constitutes "probative evidence," and thus "the very nature of these general requirements allows the exercise of [Government] employees' judgment and discretion." *Id.* at 679; *accord, e.g.*, *Gonzalez*, 814 F.3d at 1029–30. Plaintiff also makes claims regarding ICE Directive 11065.1 and segregated housing, but he once again misreads the Directive, and the language that he cites in his Notice with quotation marks does not actually appear anywhere in the Directive. Contrary to Plaintiff's claim in his Notice, *Thiersant* does not support his arguments or alter the fact that dismissal under the DFE (in addition to numerous other reasons) is proper at this stage of the case. *See Lam*, 979 F.3d at 672.

DATED: November 27, 2023                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*s/Shiwon Choe*
SHIWON CHOE
Assistant United States Attorney

Attorneys for Defendant United States of America

---

[1] Further, the *Thiersaint* court did not take a conclusive position on whether even the PBNDS was or was not discretionary. It held only that the four specific cases on which the district court had relied—none of which involved ICE or the PBNDS—did not support the district court's decision, but it specifically "t[ook] no position on whether there may be other reasons, not addressed by the District Court, that [the PBNDS] may not contain mandatory directives such that conduct violating them falls within the FTCA's discretionary-function exception." *Thiersaint*, 85 F.4th at 663 & n.6.