ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MICHELLE LO (NYBN 4325163)
Chief, Civil Division

SHIWON CHOE (CABN 320041)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    shiwon.choe@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROSA LOPEZ, as Legal Guardian of V-S-, a Minor and Successor in Interest to the Estate of Victor Sanchez Brito,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA and GEO GROUP, INC.,<br><br>    Defendants. | Case No. 4:23-cv-04292-DMR<br><br>**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S SUR-REPLY (ECF NO. 40)**<br><br>Hearing Date/Time: March 28, 2024 at 1:00 p.m.<br>Hearing Location: Zoom webinar |

The United States respectfully responds to the four items Plaintiff raised in his Sur-Reply.

**I.      Plaintiff continues to apply the wrong standard to FTCA false-imprisonment claims.**

Binding Ninth Circuit case law makes clear that the standard for arrests by law-enforcement officers, and not the standard for private citizens, applies to FTCA claims. *Galvin v. Hay*, 374 F.3d 739, 758 (9th Cir. 2004) (quoting *Cervantes v. United States*, 330 F.3d 1186, 1188 (9th Cir. 2003) (citing Cal. Penal Code § 847(b)(1))). The portion of *Tekle v. United States*, 511 F.3d 839 (9th Cir. 2007), that Plaintiff relies on to claim that a private-citizen standard applies—Part II—was expressly excluded from the majority opinion. *Id.* at 850 n.7; *cf., e.g.*, *United States v. Schesso*, 730 F.3d 1040, 1049 (9th Cir. 2013) (portion of Ninth Circuit decision that is not part of majority opinion is not binding precedent). *Tekle* Part II thus cannot overrule *Galvin* or *Cervantes*, which remain the binding law of this Circuit.[1]

Plaintiff questions whether the source of the law-enforcement privilege is federal or state law. The answer is that state law—here, California law—applies in the first instance. *Galvin*, 374 F.3d at 758. California state law then in turn incorporates federal law to determine whether an arrest by a federal officer was legally justified and hence privileged. *Rhoden v. United States*, 55 F.3d 428, 431 (9th Cir. 1995). In any event, the state versus federal standard is a distinction without a difference here: under both, there is no liability where an officer makes an arrest on probable cause. *Hamilton v. City of San Diego*, 217 Cal. App. 3d 838, 845 (1990); *Nieves Martinez v. United States*, 997 F.3d 867, 879 (9th Cir. 2021). Further, regardless of whether the state or federal law-enforcement standard applies, Judge Fisher and Judge Kleinfeld—i.e., the majority of the *Tekle* panel—were clear the private-citizen standard does not. *Tekle*, 511 F.3d at 857–59 (Fisher, J.); *id.* at 862 (Kleinfeld, J.).[2]

**II.     Plaintiff misreads 8 U.S.C. § 1357, which authorized his arrest, and his attempt to eliminate the probable-cause standard would in effect impose strict liability, which is improper.**

Officer Grasso had probable cause at the time he arrested Plaintiff to believe that Plaintiff was a removable noncitizen: Officer Grasso (1) had a Mexican birth registration that stated that Plaintiff was born in Mexico, which an Immigration Judge, the Board of Immigration Appeals, and an Article III

---

[1] That a district-court decision, *Johnson v. United States*, No. 13-cv-02405-JD, 2016 WL 1298858 (N.D. Cal. Apr. 3, 2016), cited *Tekle* and might have overlooked footnote 7, does not rescind footnote 7, change that Part II was expressly excluded from the majority opinion, or overrule *Galvin* or *Cervantes*.

[2] The district court in *Tekle* agreed and, on remand, applied *Galvin* and *Rhoden*. and not the *Tekle* Part II private-citizen standard that Plaintiff advances, which was never part of the majority opinion. *Tekle v. United States*, No. CV 01-3894-RSWL, 2009 WL 1303357, at *11 (C.D. Cal. May 8, 2009).

federal judge have all held constituted clear, unequivocal, and convincing evidence establishing a presumption that Plaintiff was not a U.S. citizen and (2) had no countervailing documentary evidence that Plaintiff was a U.S. citizen (because no such evidence exists).  MTD 5–6; Reply 1.

Plaintiff argues that the United States nonetheless is liable under the FTCA because ICE may "*not* [] arrest people based on [a probable cause] standard."  Sur-Reply 3 (emphasis in original).  At its core, Plaintiff's central theory is this: if an individual is subsequently adjudicated to be a U.S. citizen, the United States is retroactively subject to FTCA liability for any prior arrest of the individual, *no matter how reasonable ICE's belief at the time that the individual was a removable noncitizen might have been*.  Plaintiff's theory would in effect impose a strict-liability standard on the United States.  And the FTCA "d[oes] not authorize the imposition of strict liability of any sort upon the Government." *Laird v. Nelms*, 406 U.S. 797, 803 (1972); *accord, e.g.*, *Smith v. United States*, No. C 10-00212 SBA, 2011 WL 92064, at *1 (N.D. Cal. Jan. 11, 2011).

Plaintiff argues that 8 U.S.C. § 1357(a)(1) authorizes ICE "to interrogate any alien or person believed to be an alien," while § 1357(a)(2) authorizes ICE "to arrest any alien" without expressly including "person believed to be an alien," and claims that this difference means that ICE does not have authority under § 1357(a)(2) to arrest persons believed to be aliens if they ultimately turn out to be U.S. citizens.  Plaintiff cites no cases that adopt this narrow reading of § 1357.[3]  Contrary to Plaintiff's claim, courts hold that references in § 1357 to "any alien" extend to persons whom immigration officials reasonably believe to be aliens.  For example, in *Gonzalez v. ICE*, 975 F.3d 788 (9th Cir. 2020), a class action brought by two U.S. citizens, the Ninth Circuit examined § 1357(d), which authorizes the issuance of detainers for "an alien who is arrested . . . for a violation of any law relating to controlled substances[.]"  Like § 1357(a)(2), and unlike § 1357(a)(1), § 1357(d) refers only to "an alien" and not to "person believed to be an alien."  The Ninth Circuit nonetheless held that "§ 1357(d) authorizes the issuance of detainers . . . for individuals *suspected of being* aliens[.]" *Id.* at 798 (emphasis added).[4]  The

---

[3] *Theagene v. Gonzalez*, 411 F.3d 1107 (9th Cir. 2005), makes no mention of § 1357.

[4] *See also Gonzalez*, 975 F.3d at 798 ("§ 1357 . . . concerns . . . suspected aliens"); *id.* at 814 (§ 1357(d) applies "when an individual . . . is a suspected alien").  The plaintiffs there were U.S. citizens against whom ICE had lodged detainers based on database searches, who claimed the databases were unreliable. *Id.* at 797, 819.  Despite their being U.S. citizens, the Ninth Circuit did not entertain a theory that their citizenship rendered § 1357 per se inapplicable or detainer or arrest under § 1357 per se prohibited.

Ninth Circuit likewise held that § 1357(a)(2) provides ICE with "authority to make a warrantless arrest of an individual who ICE has '*reason to believe*' is a removable alien[.]" *Id.* at 815 n.19 (emphasis added). Other courts agree that § 1357(a)(2) authorizes arrests of individuals reasonably suspected to be aliens, even if they ultimately turn out to be U.S. citizens. *See, e.g.*, *Lawal v. McDonald*, 546 F. App'x 107, 112 (3d Cir. 2014) (holding in case brought by U.S. citizens that § 1357(a)(2) authorized arrest where ICE reasonably believed they were removable aliens); *Arteaga-Ruiz v. United States*, 164 F. Supp. 3d 1198, 1203 (D. Idaho 2016) (same), *aff'd*, 705 F. App'x 597 (9th Cir. 2017); *Blanco Ayala v. United States*, 982 F.3d 209, 216 (4th Cir. 2020) (same).[5] Plaintiff cites no cases to the contrary.

Plaintiff's argument that an FTCA dismissal here would threaten to institute a "show-me-your-papers" law, Sur-Reply 3, is a straw man. This case does not involve ICE stopping random individuals and demanding they "show ICE their papers." This case involves the release of a specific individual from jail, whose criminal record would subject him to an Act of Congress requiring mandatory detention pending removal if he were a noncitizen, 8 U.S.C. § 1226(c), and for whom ICE had a valid Mexican birth registration stating that he was born in Mexico—which constituted "clear, unequivocal and convincing evidence" establishing a presumption that he was not a U.S. citizen. *Sanchez Brito v. Barr*, No. 2:18-cv-00097-KJM-DB, 2020 WL 4003824, at *7 (E.D. Cal. July 15, 2020). A ruling that ICE may not make an arrest even where it has clear, unequivocal, and convincing evidence of alienage, lest the United States be subject to tort liability, would chill and undermine ICE's ability to enforce immigration law. *See Blanco Ayala*, 982 F.3d at 217 ("A system in which every instance of mistaken arrest or detention could give rise to a suit in tort would seriously hamstring DHS in its efforts to enforce immigration law."). Plaintiff cites no cases that support his theory or that would justify this outcome.

### III. The ICE Directives Plaintiff cites do not support his FTCA claims.

Plaintiff's discussion of ICE Directives 16001.1 and 16001.2 conflates several separate issues. The United States attempts to unpack and clarify these separate issues here.

First, Plaintiff claims that the Directives "interpret" § 1357(a)(2)—but cites no cases holding that

---

[5] The regulations promulgated under § 1357 similarly provide that ICE may make arrests when it "has reason to believe that the person to be arrested . . . is an alien illegally in the United States." 8 C.F.R. § 287.8(c)(2)(i) (also previously duplicated at 8 C.F.R. § 1287.8); *see, e.g.*, *Nguyen v. United States*, 65 F. App'x 509, 2003 WL 1922969, at *2 (5th Cir. 2003) (holding in case brought by U.S. citizen that § 1287.8(c)(2)(i) authorized arrest if INS "has reason to believe" that arrestee is removable alien).

internal directives that do not have the force of law control the interpretation of a federal statute.

Second, Plaintiff appears to be conflating the question of whether his arrest was supported by probable cause with the separate question of whether the Discretionary Function Exception ("DFE") applies. Plaintiff cites page 7 of the Reply (ECF No. 27 at 14), which discusses the former issue (probable cause), but then discusses "discretion." Sur-Reply 3–4. This conflates two separate issues.

Whether Plaintiff's arrest was supported by probable case is a threshold question. If it was, then there was no tort to begin with and thus no FTCA liability, regardless of whether the DFE applies or not. Under both state and federal law, probable cause is an "objective standard" and, where the facts are undisputed, whether probable cause exists "is a question of law." *O'Toole v. Super. Ct.*, 140 Cal. App. 4th 488, 511 (2006); *Cameron v. Craig*, 713 F.3d 1012, 1018 (9th Cir. 2013). Internal ICE directives do not change probable-cause law, and thus even assuming (counterfactually) that there had been some violation of an internal ICE directive, that would not vitiate probable cause or affect the tort-law validity of Plaintiff's arrest. *See, e.g.*, *De Soto v. Lynch*, 824 F.3d 822, 827 (9th Cir. 2016) (ICE memos "do not create or modify the law to be applied by this or any other court"); *Tanberg v. Sholtis*, 401 F.3d 1151, 1158–59 (10th Cir. 2005) (rejecting in false-arrest case plaintiffs' argument that arrest violated police's standard operating procedures, because "[t]hat the SOPs might require an officer to refrain from making an arrest under these facts does not eliminate the existence of probable cause"); *Durruthy v. Pastor*, 351 F.3d 1080, 1092 (11th Cir. 2003) (same, because "[t]he fact that [arresting officer] may have violated an internal guideline may subject her to internal sanction, but it does not undermine objective facts . . . that otherwise establish probable cause"). Plaintiff also claims that under California law, an officer has an ongoing duty to investigate the lawfulness of arrest, Sur-Reply 4, but this is not correct. Under both state and federal law, there is "no duty of further investigation once probable cause has been established." *Hamilton*, 217 Cal. App. 3d at 846; *Cameron*, 713 F.3d at 1019; *see* Reply 12–13.

The question of "discretion," *see* Sur-Reply 4–5, goes to a separate issue: the DFE. Even assuming Plaintiff's arrest had not been supported by probable cause and there had been an underlying tort, the United States would have immunity under the DFE. MTD 15–17; Reply 8–10. Nothing in the Sur-Reply changes that the Directive provisions Plaintiff cites do not establish mandatory requirements.

Plaintiff's fundamental misunderstanding of the FTCA is exemplified by his assertion that "the

FTCA makes it unquestionably the province of this Court to penalize the government for its agents' non-compliance with agency-created restrictions on their authority to arrest." Sur-Reply 4. The FTCA is not a vehicle for private plaintiffs to try to penalize the United States (which, ultimately, would financially penalize taxpayers). *See generally United States v. Woodley*, 9 F.3d 774, 781 (9th Cir. 1993) (sovereign immunity bars imposing monetary sanctions as a penalty on the government absent an explicit waiver of immunity). Nor is the FTCA an enforcement vehicle for private plaintiffs to sue the United States for an alleged failure of a federal agency to follow internal directives. To the contrary, the FTCA categorically disallows plaintiffs basing FTCA claims on alleged violations of federal law, much less on alleged violations of internal federal directives that do not have the force of law. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1024–25 (9th Cir. 2001). Plaintiff cites no cases to the contrary.

### IV. Plaintiff's reliance on landowner cases to establish a duty for his negligence claim fails.

Plaintiff's negligence claim with respect to the solitary confinement in which contractors—not ICE—placed him, fails for multiple reasons, not least of which is the absence of an enforceable duty. Plaintiff cites cases addressing landowner duties but cites no cases in either his Opposition or Sur-Reply holding that landowner duties apply to his detention here. Among other things, Plaintiff must allege that a natural-person ICE employee owed and breached a duty, and Plaintiff does not allege a natural-person employee who was a landowner or equivalent with respect to the contractor-owned facilities where he was held. *See* MTD 11 (FTCA claim must be based on natural-person employee, not federal institution as a whole) (citing cases). Further, even if Plaintiff could base a claim on ICE as a whole, his claim still fails. Plaintiff claims that ICE had the power to guard against his solitary confinement, but "[t]o establish a duty of care . . ., it is insufficient to speculate that [defendant] could have taken certain actions to prevent injury to [plaintiff] without showing that [defendant] had actual control over the area where the injury occurred. The mere possibility of influencing or affecting the condition of property owned or possessed by others does not constitute 'control' of such property." *Moses v. Roger-McKeever*, 91 Cal. App. 5th 172, 183 (2023) (quotation marks omitted). Instead, as Plaintiff's own case holds, "control" requires a "dramatic assertion" of ownership or possession rights, and defendants do not exercise control when they do not take an "overt act" to "effectively treat[] [the property] as their own." *Colonial Van & Storage, Inc. v. Super. Ct.*, 76 Cal. App. 5th 487, 497–98 (2022) (cited by Sur-Reply 5).

| | |
|---|---|
| DATED: March 13, 2024 | Respectfully submitted, |
| | ISMAIL J. RAMSEY<br>United States Attorney |
| | *s/Shiwon Choe*<br>SHIWON CHOE<br>Assistant United States Attorney |
| | Attorneys for Defendant United States of America |