UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-04292-DMR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 46 |

On July 29, 2024, the court granted in part and denied in part the United States's motion to dismiss Plaintiff Rosa Lopez's complaint. [Docket No. 45.] Lopez now moves for leave to file a motion for reconsideration of a portion of the July 29, 2024 order. [Docket No. 46 (Pl.'s Recon. Mot.).] The motion is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

**I.　BACKGROUND**

Plaintiff Lopez is the legal guardian of V.S, a minor and successor in interest to the estate of Victor Sanchez Brito ("Sanchez Brito"). She filed this lawsuit against Defendants United States and GEO Group, Inc. asserting claims under the Federal Tort Claims Act, the Rehabilitation Act, and state law arising out of Sanchez Brito's 2015 arrest and subsequent detention. In relevant part, Lopez alleges that an Immigration and Customs Enforcement ("ICE") officer improperly and unlawfully arrested Sanchez Brito in April 2015 on the ground that he was a non-citizen but failed to perform an adequate investigation into his citizenship. Sanchez Brito, who was a U.S. citizen, was then imprisoned for over six years pending removal proceedings. Lopez further alleges that Sanchez Brito had been diagnosed with schizophrenia and that his mental health deteriorated while he was in detention, including during substantial periods of time in solitary confinement. ICE finally released Sanchez Brito in December 2021 after a court concluded that he was a U.S.

1  citizen.  Sanchez Brito was found dead from a drug overdose six months later.

2  Lopez alleged three claims against the government, only one of which is at issue in this
3  motion.  Specifically, Lopez pleaded a negligence claim based on the theory that ICE officers
4  breached their duty to protect Sanchez Brito "from harsh conditions of confinement known to
5  cause substantial risk of serious harm, including prolonged solitary confinement" (the "conditions
6  of confinement theory").  *See Lopez v. United States*, No. 23-CV-04292-DMR, 2024 WL
7  3588013, at *15 (N.D. Cal. July 29, 2024) ("*Lopez*" or the "July 29, 2024 order").  The
8  government moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the claim for
9  lack of subject matter jurisdiction.  *See id*.  The court held that the conditions of confinement
10 negligence claim is barred by sovereign immunity and dismissed it without leave to amend.  *Id*. at
11 *18.  Lopez now moves pursuant to Civil Local Rule 7-9 for leave to file a motion for
12 reconsideration of the portion of the July 29, 2024 order dismissing the conditions of confinement
13 negligence claim.

## II. DISCUSSION

Civil Local Rule 7-9 governs motions for leave to file a motion for reconsideration.  That rule provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)."  A party seeking leave to file a motion for reconsideration must "show reasonable diligence in bringing the motion" and one of the following three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order.  Civ. L.R. 7-9(b)(1)-(3).  The moving party may not reargue any written or oral argument previously asserted to the court.  Civ. L.R. 7-9(c).  "Motions for reconsideration are generally disfavored, and are not the place for parties to make new arguments not raised in their original briefs."  *Whalen v. Ford Motor Co.*, No. 13-CV-

2

03072-EMC, 2018 WL 6069812, at *1 (N.D. Cal. Nov. 20, 2018) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)).

Lopez argues that reconsideration of the portion of the July 29, 2024 order dismissing the conditions of confinement negligence claim is warranted because the court "failed to consider [her] arguments." Pl.'s Recon. Mot. 1.[1] In its motion to dismiss, the government argued that "[t]he FTCA does not waive immunity in circumstances where a private person would not be liable under state law," citing *Sky Ad, Inc. v. McClure*, 951 F.2d 1146, 1147 n.2 (9th Cir. 1991). *See* Def.'s Mot. 11. The government argued it is immune from the conditions of confinement negligence claim because a decision about placing a detainee in solitary confinement "is inherently a government function, and no FTCA liability exists for government functions 'that private persons could not engage in.'" *Id*. at 20 (quoting *Sky Ad*, 951 F.2d at 1147 n.2). The government cited two cases supporting its argument, *McGowan v. United States*, 825 F.3d 118, 127 (2d Cir. 2016), and *Adeboye v. United States*, No. 19-cv-3089 (DLF), 2020 WL 5231323, at *2 (D.D.C. Sept. 1, 2020).

In *McGowan*, the plaintiff was transferred from federal prison to a less restrictive residential facility to complete his sentence. While in the residential facility, he published an article online using his own byline in which he complained about retaliation he had experienced while incarcerated. 825 F.3d at 122. Shortly after publication, a Bureau of Prisons ("BOP") manager determined that the plaintiff had violated a prison regulation prohibiting inmates from publishing articles under their bylines. She issued an incident report and remanded him to the special housing unit at a detention center. However, unbeknownst to the manager, the BOP had previously rescinded the regulation. After being notified of the rescindment, the manager expunged the incident report and transferred the plaintiff back to the residential facility. *Id*. The Second Circuit affirmed the dismissal of the plaintiff's FTCA "wrongful confinement" claim based on sovereign immunity, holding there was no private analogue for the claim: "[p]rivate

---

[1] Lopez's motion does not actually address the applicable standard for reconsideration, i.e., that she must show "[a] manifest failure by the Court to consider . . . dispositive legal arguments which were presented to the Court[.]" *See* Civ. L.R. 7-9(b)(3).

1   persons cannot establish facilities to detain other persons—only the government can, either on its
2   own or through a governmental contractor. In short, there is no circumstance in state tort law that
3   is analogous to the situation here. Accordingly, there is no private analogue to [the plaintiff's]
4   claim." *Id*. at 127.
5      Similarly, in *Adeboye*, the court dismissed a negligence claim against the government
6   based on the BOP's "alleged failure to take reasonable care in calculating [the plaintiff's] release
7   date," which caused him to remain incarcerated for 11 days beyond the expiration of his sentence.
8   The court reasoned that "[t]he authority to detain other persons and determine the length of their
9   sentences . . . has no private analogue" and concluded that the claim "is not one for which the
10  United States has waived its sovereign immunity in the FTCA." 2020 WL 5231323, at *2.
11     Lopez did not address *McGowan*, *Adeboye*, or *Sky Ad* in her opposition or her sur-reply.
12  [*See generally* Docket Nos. 26 (Opp'n), 40 (Sur-Reply).] Instead, she argued in her opposition
13  that "[p]rison condition claims are obviously cognizable," citing *Nettles v. Grounds*, 830 F.3d 922,
14  931 (9th Cir. 2016), and asserting that "[o]ne obvious private analog is the 'duty of care owed by
15  both landlords and hotel owners is [sic] to maintain their property in a reasonably safe condition,'
16  which is cognizable in California," quoting *Lawrence v. La Jolla Beach & Tennis Club, Inc*., 231
17  Cal. App. 4th 11, 30 (2014). Opp'n 21. Lopez argued, "[i]f landlords cannot allow dangerous
18  conditions for their tenants, then jailors certainly cannot allow dangerous conditions for their
19  prisoners," without elaboration. *Id*.
20     The court granted the government's motion to dismiss the conditions of confinement
21  negligence claim, holding that "whether a detainee should be placed in solitary confinement is
22  inherently a government function, and no FTCA liability exists for government functions 'that
23  private persons could not engage in and hence could not be liable for under local law.'" *Lopez*,
24  2024 WL 3588013, at *18 (citing *Sky Ad*, 951 F.2d at 1147 n.2, and *Adeboye*, 2020 WL 5231323,
25  at *2). The court noted that, "Lopez does not respond to [*Sky Ad* and *Adeboye*] and does not cite
26  any cases supporting the theory that a private person would be liable for a negligence claim based
27  on conditions of confinement under state law," and dismissed the claim without leave to amend.
28  *Id*.

4

1　　　Lopez now argues the court failed to consider her argument "that the Supreme Court
2　explicitly foreclosed" dismissing "FTCA claims on the ground that they are based on inherently
3　government functions" in *United States v. Olson*, 546 U.S. 43, 46 (2005)). Pl.'s Recon. Mot. 1. In
4　*Olson*, the Supreme Court discussed 28 U.S.C. § 2674, which provides that "[t]he United States
5　shall be liable . . . in the same manner and to the same extent as a private individual under like
6　circumstances," and held that "the words 'like circumstances' do not restrict a court's inquiry to
7　the same circumstances, but require it to look further afield." 546 U.S. at 46 (quoting *Indian
8　Towing Co. v. United States*, 350 U.S. 61, 64 (1955)) (emphases removed).

9　　　Lopez has not identified a manifest failure by the court to consider "dispositive legal
10　arguments," namely because she did not cite or apply *Olson* in her discussion of the conditions of
11　confinement negligence claim or even respond to the government's argument that placing a
12　detainee in solitary confinement "is inherently a government function." *See* Opp'n 21, Sur-Reply
13　5. In fact, her reconsideration motion admits she "presented *Olson*'s holding through a lone
14　judge's discussion of the case in *Tekle v. United States*, 511 F.3d 839 (9th Cir. 2007)." Pl.'s
15　Recon. Mot. 1. Notably, she confined her discussion of *Tekle* to the analysis of the false
16　imprisonment claim. *See* Opp'n 7-8. Nonetheless, Lopez argues that "the Court failed to consider
17　the binding nature of *Olson* itself . . . forbidding dismissal of FTCA claims on the ground that they
18　are based on inherently government functions." Pl.'s Recon. Mot. 1. But the court is not required
19　to analyze arguments that the parties fail to make or develop. The instant motion is simply an
20　improper attempt to make the arguments that Lopez could have presented with her original
21　opposition to the motion to dismiss but inexplicably did not. *See Whalen*, 2018 WL 6069812, at
22　*1 (reconsideration motions "are not the place for parties to make new arguments not raised in
23　their original briefs); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not
24　the purpose of allowing motions for reconsideration to enable a party to complete presenting his
25　case after the court has ruled against him. Were such a procedure to be countenanced, some
26　lawsuits really might never end, rather than just seeming endless."). Lopez cannot use a motion
27　for reconsideration to get a "second bite" at something she could and should have put before the
28　court in the first instance.

1     Lopez also argues that the court failed to consider authority she cited "making clear that claims regarding unsafe conditions are indeed cognizable in tort under California law," apparently referring to *Lawrence*. Pl.'s Recon. Mot. 1-2 (citing Sur-Reply 5; Opp'n 21). Not so. As the court observed in the July 29, 2024 order, Lopez did not "cite any cases supporting the theory that a private person would be liable for a negligence claim based on conditions of confinement under state law." *Lopez*, 2024 WL 3588013, at *18. While *Lawrence* stands for the proposition that hotel owners owe a duty "to maintain their property in a reasonably safe condition," 231 Cal. App. 4th at 30, Lopez did not cite any cases applying that duty to detention facilities.

    The narrow grounds for reconsideration promote fair and efficient use of party and court resources. Given Lopez's failure to show "[a] manifest failure by the Court to consider . . . dispositive legal arguments which were presented to the Court before" the July 29, 2024 order, the motion for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: November 12, 2024



Donna M. Ryu
Chief Magistrate Judge